**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 13 B 23051 |
| | ) | |
| **MICHAEL TRUITT,** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

**RESPONSE TO MOTION OF AMERICREDIT FINANCIAL SERVICES, INC.,**
**D/B/A GM FINANCIAL, TO MODIFY AUTOMATIC STAY**

**NOW COMES** the Debtor, Michael Truitt, by and through his attorney, Peter C. Nabhani, and in response to AMERICREDIT FINANCIAL SERVICES, INC., D/B/A GM FINANCIAL ("AmeriCredit"), a creditor herein, Motion to Modify Automatic Stay, states as follows:

1. Michael Truitt is the owner of the vehicle that is the subject matter of the Motion now before the Court, which he uses to commute to work.

2. On or about 11/27/13 the parties agreed that in the event of a default in the payments to the trustee or the failure to maintain insurance on the subject vehicle, the Creditor would give notice both to the Debtor and to the Debtor's counsel stating the nature of the default and Debtor would be allowed to address any dispute in the default through an objection within 14 days of the notice of the default. (See Order of 11/27/13 attached hereto as Exhibit A.)

3. No notice was ever given pursuant to the above referenced 11/27/13 Order.

4. On 2/6/14, the Creditor filed the instant Motion to Modify the Automatic Stay. In the Statement accompanying the Motion, in pertinent part, the Creditor asserts that there was no pre-petition default, but that there had been a 7.64 month default in the amount of $2,972.70, which approximately equals the contractual payments that would have been due. (See Statement accompanying Motion for Relief from Stay, attached hereto as Exhibit B.)

5. However, during this same period the Creditor was in fact paid $6,364.74. (See Trustee's Final Report and Account attached hereto as Exhibit C.) Furthermore, the Debtor has maintained insurance on the vehicle, proof of which has been provided to the Creditor.

6.  Had the Creditor provided the Debtor with the notice as provided for in the 11/27/13 Order, the Debtor could have made a timely objection and cured the default. However, no notice was given.

7.  The Debtor is still desirous of curing the default, which, pursuant to the 11/27/13 Order should be determined under the procedure agreed to by the parties.

**WHEREFORE**, the Debtor prays that this Honorable Court enter deny the Motion; determine the amount necessary to cure the default as provided for in the 11/27/13, and grant any other relief that the Court deems just.

/s/Peter C. Nabhani
**Peter C. Nabhani**

**Atty. No. 6283600**
**Peter C. Nabhani**
**77 W. Washington Street**
**#411**
**Chicago, IL 60602**
**(312) 673-2111**

2